UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGROVANA, LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CONGO BRANDS LLC,<br><br>    Defendant,<br><br>and<br><br>PRIME HYDRATION, LLC,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No. 1:24-cv-12400<br><br>**JURY TRIAL DEMANDED** |

## **DEFENDANTS' ANSWER & DEFENSES AND PRIME'S COUNTERCLAIM**

Defendants Congo Brands LLC ("Congo") and Prime Hydration, LLC ("Prime"; together with Congo, "Defendants") hereby submit their Answer and Defenses to the Complaint filed by Plaintiff Agrovana, LLC ("Agrovana"). In addition, Prime hereby submits its Counterclaim against Agrovana.

## **ANSWER TO COMPLAINT**

Subject to and without waiving any and all defenses available to them, including, but not limited to, those set forth herein, Defendants respond to the allegations contained in the Complaint as follows:

The Complaint's unnumbered introductory paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained in the Complaint's unnumbered introductory paragraph.

1

## PARTIES[1]

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint. Answering further, Defendants state that in addition to the members of Drink Prime Holding Company LLC listed in Paragraph 2 of the Complaint, the Jeffrey 2023 Trust is also a member of Drink Prime Holding Company LLC.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

## FACTS

5. In response to the allegations contained in Paragraph 5[2] of the Complaint, Defendants admit that Congo markets and sells beverages and other products around the world using various marketing efforts, including by partnering with various third parties such as those listed in Paragraph 5 of the Complaint. Defendants deny all other allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint concerning Agrovana's alleged commitments

---

[1] For ease of reference, Defendants repeat the headings in the Complaint. To the extent any heading contains any factual allegations, Defendants deny them.

[2] The Complaint does not contain a Paragraph 4, instead skipping from Paragraph 3 to Paragraph 5. Except where otherwise indicated herein, Defendants will follow the Complaint's numbering for ease of reference.

and whether Agrovana actively sought out new customers; therefore, those allegations are deemed denied. Defendants otherwise deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in the last sentence of Paragraph 12 of the Complaint. Defendants otherwise deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, Defendants admit that its employees, including Wyatt Bryant, corresponded via text message with Tim Panagopoulos. Defendants further state that those text messages speak for themselves and specifically deny any mischaracterization of their content. Defendants deny having agreed to any purported revised delivery schedule referenced in Paragraph 13 of the Complaint. Defendants otherwise deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint. Answering further, Defendants state that to the extent any payments have not been made by Defendants to Agrovana, Defendants' refusal to pay is legally and factually justified.

15. Defendants deny the allegations contained in the first and last sentences of Paragraph 15 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint; therefore, those allegations are deemed denied. The last sentence of Paragraph 15 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in the last sentence of Paragraph 15.

15. Paragraph 15[3] of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, Defendants admit having notified Agrovana of the presence of contaminants and other flaws in various shipments made by Agrovana. Defendants otherwise deny the remaining allegations contained in Paragraph 16 of the Complaint including Agrovana's mischaracterization of those contaminants and other flaws contained in Paragraph 16 of the Complaint or that they have not provided substantiation of their complaints to Agrovana.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, Defendants admit that their counsel sent Agrovana's counsel a letter dated August 2, 2024, the contents of which speak for themselves. Defendants otherwise deny the remaining allegations contained in Paragraph 18 of the Complaint, specifically including the mischaracterization of that letter's content.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that their counsel sent Agrovana's counsel a letter dated August 2, 2024, the contents of which speak for themselves. Defendants otherwise deny the remaining allegations contained in Paragraph 19 of the Complaint, specifically including any mischaracterization of that letter's content.

---

[3] The Complaint contains two paragraphs numbered "15." Except where otherwise indicated herein, Defendants will follow the Complaint's numbering for ease of reference.

## COUNT ONE
### Breach of Contract

20. The foregoing responses to the Complaint's allegations are incorporated herein by reference as if fully restated herein.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## COUNT TWO
### Anticipatory Repudiation

25. The foregoing responses to the Complaint's allegations are incorporated herein by reference as if fully restated herein.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## COUNT THREE
**Declaratory Judgment**

29. The foregoing responses to the Complaint's allegations are incorporated herein by reference as if fully restated herein.

30. Defendants admit that an actual controversy exists between the parties as reflected in the correspondence from Defendants' counsel to Agrovana's counsel that is referenced in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint are not directed at Defendants and, therefore, require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT FOUR
**Unfair and Deceptive Trade Practices (G.L. c. 93A, § 11)**

32. The foregoing responses to the Complaint's allegations are incorporated herein by reference as if fully restated herein.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31[4] of the Complaint.

---

[4] The Complaint contains two paragraphs numbered "31." Except where otherwise indicated herein, Defendants will follow the Complaint's numbering for ease of reference.

The Complaint's WHEREFORE paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained in the Complaint's WHEREFORE paragraph and its subsections.

## DEFENSES

### First Defense

The claims set forth in the Complaint are barred in whole or in part for failure to state a claim upon which relief can be granted.

### Second Defense

The Complaint should be dismissed as Defendants have complied with all contractual and other legal obligations in dealing with Agrovana.

### Third Defense

Agrovana's failure to comply with the terms of the parties' contract constitutes a material breach of that contract and excuses further performance by Defendants.

### Fourth Defense

The claims set forth in the Complaint are barred by operation of Defendants' rights to valid set-offs and/or recoupment against any and all amounts as may be due and owing Agrovana, if any.

### Fifth Defense

The Complaint should be dismissed for lack of personal jurisdiction.

### Sixth Defense

Agrovana's claims under Massachusetts law are barred, in whole or in part, because Kentucky law applies to the parties' dispute.

**Seventh Defense**

Pending discovery, Defendants affirmatively plead the defenses of estoppel, waiver, failure of consideration, payment, release and setoff.

**Eighth Defense**

Defendants reserve the right to file further pleadings and assert other defenses, including appropriate counterclaims, cross-claims and third-party complaints, as the proof develops.

**Ninth Defense**

Defendants deny any and all allegations contained in the Complaint that are not expressly admitted herein.

**COUNTERCLAIM**

For its Counterclaim against Agrovana, Prime states as follows:

**PARTIES**

1. Prime is a Delaware limited liability company with its principal place of business located in Louisville, Kentucky.

2. Upon information and belief, Agrovana is a Delaware limited liability company with its principal place of business located in Boston, Massachusetts.

**JURISDICTION & VENUE**

3. To the extent this Court's exercise of subject matter jurisdiction of Agrovana's claims is proper, which Prime does not admit, jurisdiction of the Counterclaim is proper pursuant to 28 U.S.C. § 1367(a) in that Prime's claims against Agrovana are so related to those set forth in Agrovana's Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

4. To the extent venue is proper in this Court, which Prime does not admit, venue of this Counterclaim is proper pursuant to 28 U.S.C. § 1391.

**FACTS**

5.      Pursuant to various Purchase Orders issued by Prime, Agrovana supplied Coconut Water Powder ("CWP") to Prime in exchange for payment.

6.      On July 11, 2024, Prime made Agrovana aware of its rejection and/or revocation of acceptance of CWP previously delivered by Agrovana. A true and correct copy of Prime's July 11, 2024 notification is attached hereto as Exhibit A.

7.      Prime's rejection and/or revocation of acceptance was based on Agrovana's failure to comply with minimum safety and quality standards, including the delivery of CWP containing foreign substances.

8.      On July 23, 2024, Agrovana disputed Prime's rejection, stating, among other things, that the parties' contract did not incorporate quality standards or that its product violated any quality standards. A true and correct copy of Agrovana's July 23, 2024 notification is attached hereto as Exhibit B.

9.      On August 2, 2024, because of the significant quality control issues revealed by Prime's inspection of Agrovana's CWP, as well as Agrovana's refusal to take responsibility for the same, Prime sought adequate assurances of Agrovana's due performance of its obligations under the purchase orders and arrangements with Prime, including with respect to conformance with Prime's quality standards and the warranties implied by law and prevalent in the industry with respect to all CWP lots. Prime also demanded the payment of $3,130,856.02 as reimbursement for the defective product provided by Agrovana. A true and correct copy of Prime's August 2, 2024 notification is attached hereto as Exhibit C.

10.     To date, Agrovana has failed and refused to provide such assurances and has not paid Prime the $3,130,856.02 that is owed.

11. Prime's August 2, 2024 letter also served to confirm their rejection of all CWP described in its July 11, 2024 notification, as well as of all other CWP lots currently in production or shipment.

12. In support of these actions, Prime notified Agrovana that Agrovana and its manufacturers failed to maintain adequate inspection processes and system controls needed to provide CWP that meets the ordinary purposes for which Prime uses it. Prime provided this notification to Agrovana after it conducted a review and inspection of the CWP following industry-wide practices as it relates to Statistical Quality Inspections.

13. In addition to the Purchase Orders referenced above, Prime issued what were expressly titled, "Placeholder Purchase Orders" for CWP. True and correct copies of these Placeholder Purchase Orders are attached hereto collectively as Exhibit D.

14. These Placeholder Purchase Orders concerned quantities of CWP with potential delivery dates from September 2024 to March 2025. These Placeholder Purchase Orders were expressly contingent upon subsequent confirmation by Prime that it wanted to proceed with the orders, in which case the Placeholder Purchase Orders would be converted to actual Purchase Orders.

15. On August 30, 2024, pursuant to the terms of the Placeholder Purchase Orders, Prime notified Agrovana that the Placeholder Purchase Orders would not be converted to actual Purchase Orders and that the quantities of CWP identified therein would not be purchased. Specifically, Prime notified Agrovana that all Placeholder Purchase Orders for quantities of CWP with shipment dates after December 1, 2024 were not confirmed, and that Prime will not accept shipment of such CWP. A true and correct copy of Prime's August 30, 2024 notification is attached hereto as Exhibit E.

16. On September 4, 2024, counsel for Agrovana responded to Prime's August 30, 2024 notification via email, stating in relevant part that "Agrovana does not agree that the purchase orders were 'placeholders,' and regards their purported cancellation as a repudiation."

17. Finally, Prime recently notified Agrovana that all lots of CWP currently in production or shipment were being rejected and would not be accepted after discovering additional contaminants in other lots of CWP received from Agrovana, further confirming the significant product quality control issues that Agrovana has not resolved.

18. The CWP's significant quality defects and Agrovana's attendant refusal to provide adequate assurances of future performance consistent with the parties' contract have caused Prime substantial damages in the form of, among other things, costs associated with service, repair and replacement, loss of goodwill and other costs, the exact amount to be determined at trial. Further, Prime has paid $3,130,856.02 for CWP that Agrovana has not demonstrated is safe for use in finished product.

## COUNTERCLAIM COUNT I
**Breach of Contract**

19. The foregoing allegations are incorporated herein by reference as if fully restated herein.

20. The Purchase Orders referenced above for CWP that was delivered by Agrovana to Prime constitute valid and enforceable contracts between Agrovana and Prime.

21. Pursuant to the contracts, Agrovana had a duty to provide CWP to Prime in accordance with the parties' agreement.

22. As alleged above, Agrovana breached the contract by failing to deliver CWP in accordance with the parties' agreement.

23. As a direct and proximate result of Agrovana's conduct described herein and because the product failed of its intended and essential purpose, Prime has incurred damages, the exact amount to be determined at trial.

## COUNTERCLAIM COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

24. The foregoing allegations are incorporated herein by reference as if fully restated herein.

25. Under Kentucky law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

26. The actions of Agrovana as alleged herein constitute a breach of the implied covenant of good faith and fair dealing included by Kentucky law in the contract.

27. As a direct and proximate result of Agrovana's conduct described herein, Prime has incurred damages, the exact amount to be determined at trial.

## COUNTERCLAIM COUNT III
### Breach of Implied Warranty of Merchantability

28. The foregoing allegations are incorporated herein by reference as if fully restated herein.

29. Agrovana is a merchant with respect to the CWP of the kind described herein under KRS 355.2-314(1).

30. As a merchant, Agrovana owed Prime an implied warranty of merchantability.

31. Agrovana's CWP was not fit for its ordinary purpose as set forth above.

32. Within a reasonable time after Prime's discovery of Agrovana's breach, Prime notified Agrovana.

33. Agrovana's sale of the CWP violated its implied warranty of merchantability.

34. As a direct and proximate result of Agrovana's conduct described herein, Prime has incurred damages, the exact amount to be determined at trial.

## COUNTERCLAIM COUNT IV
### Breach of Implied Warranty of Fitness for a Particular Purpose

35. The foregoing allegations are incorporated herein by reference as if fully restated herein.

36. Prime purchased CWP from Agrovana for the purpose of incorporating it in beverages to be sold globally.

37. At the time of contracting, Agrovana knew or had reason to know the particular purpose for which the CWP was required.

38. At the time of contracting, Agrovana knew or had reason to know that Prime relied upon Agrovana's skill and judgment to furnish suitable CWP.

39. The CWP that Agrovana sold to Prime was defective.

40. Within a reasonable time after Prime's discovery of Agrovana's breach, Prime notified Agrovana.

41. In selling the CWP to Prime, Agrovana breached its implied warranty that the CWP would be fit for the purpose for which it was sold.

42. As a direct and proximate result of Agrovana's conduct described herein, Prime has incurred damages, the exact amount to be determined at trial.

## COUNTERCLAIM COUNT V
### Declaratory Judgment

43. The foregoing allegations are incorporated herein by reference as if fully restated herein.

44. Agrovana has taken the position that the above-referenced Placeholder Purchase Orders are enforceable contracts that have been repudiated by Prime's actions.

45. Prime has taken the position that the above-reference Placeholder Purchase Orders were expressly made contingent on future actions that did not occur and are unenforceable.

46. Prime therefore seeks a declaratory judgment that the Placeholder Purchase Orders are not enforceable contracts and have no legal effect.

## COUNTERCLAIM COUNT VI
**Unjust Enrichment**

47. The foregoing allegations are incorporated herein by reference as if fully restated herein.

48. In the alternative, Prime states that as a result of the foregoing, benefit has been conferred on Agrovana at Prime's expense.

49. Agrovana has received a resulting appreciation of the benefit conferred by Prime.

50. It would be inequitable for Agrovana not to pay Prime for the value of the benefit it received.

51. As a direct and proximate result of Agrovana's conduct described herein, Agrovana is liable to Prime pursuant to the doctrine of unjust enrichment in an amount to be determined at trial.

**WHEREFORE**, Defendant and Counterclaim-Plaintiff hereby prays and demands judgment in their favor against Plaintiff and Counterclaim-Defendant Agrovana, LLC. as follows:

1. Dismissal of Plaintiff's Complaint with prejudice;

2. Recovery of its costs and attorneys' fees incurred in this action to the extent allowed by law;

3. An award of compensatory damages against Agrovana in an amount to be determined at trial;

4.  A declaratory judgment that the Placeholder Purchase Orders are not enforceable contracts and have no legal effect; and

5.  Any other relief to which this Court may deem Defendants to be entitled.

## JURY DEMAND

Congo and Prime hereby demand a trial by jury on all issues so triable.

Dated: September 26, 2024

Respectfully submitted,

Congo Brands LLC and
Prime Hydration, LLC,

By their attorneys,

*/s/ Alison T. Holdway*
Mark A. Berthiaume (BBO #041715)
Alison T. Holdway (BBO #690569)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, Massachusetts 02110
Tel.:    (617) 310-6000
Email: berthiaumem@gtlaw.com
           alison.holdway@gtlaw.com

- and –

Peter M. Cummins (*pro hac vice*
    forthcoming)
D. Christopher Robinson (*pro hac vice*
    forthcoming)
FROST BROWN TODD LLP
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
Tel.:    (502) 589-5400
Email: pcummins@fbtlaw.com
           crobinson@fbtlaw.com

**CERTIFICATE OF SERVICE**

I, Alison T. Holdway, hereby certify that on September 26, 2024, a true copy of the above document was served by U.S. mail and email upon:

Edward Foye
Arrowood LLP
10 Post Office Square, 7th Floor South
Boston, Massachusetts 02109
efoye@arrowoodllp.com

*Counsel for Plaintiff Agrovana, LLC*

                                                  */s/ Alison T. Holdway*
                                                Alison T. Holdway