# EXHIBIT B



July 23, 2024

Dear Ryan,
Agrovana rejects Congo's claim as specified in the email shared on July 11th.

Reasons:
1. Contract: In established contracts, we would review and take into consideration customer requests regarding additional product specifications, or any other detailed requirements. A contract would have also outlined how we mitigate disputes. We have NO such contract, neither written nor verbal, in place with Congo other than your Purchase Order and acceptance of the COA shipped with each batch, which in itself is an enforceable contract.
2. Congo's own product specification (Document Number: COM-0000293) of coconut water powder shared on March 22nd, 2024, shows no standard for dark spots of caramelized/carbonized coconut water powder.  Congo's "Internal Coconut Water Powder Inspection Protocol"  is an internal standard operating procedure (SOP) that was never shared or agreed upon mutually.
3. Testing conducted by Eurofins and shared as part of the claim confirms that the material shown on claim for all the samples except for the sample coming from lot K-CWP10A8 comes from the spray drying of coconut water, resulting in insignificant caramelized/carbonized pieces being included in the product stream. Congo's own internal SOP of zero dark particles is not attainable in bulk commercial food-grade items, even the international standards for sugar identify a foreign insoluble fiber limit of 60 mg/kg (source: ICUMSA). Congo's internal standard needs to be in line with the commercial expectations of food-grade bulk items.
4. The specification of "no foreign material" is not attainable on bulk food grade items and is NOT enforceable, especially when NOT specified or agreed on as part of a purchase contract. In the absence of these items, the "foreign material" or "not to spec" matter falls into the standard FDA definition of foreign material which has to be 7mm long, which the overwhelming majority of claimed items are NOT. ([CPG Sec. 555.425 Foods, Adulteration Involving hard or Sharp Foreign Objects](#))
5. As part of the PO terms, the Coconut Water Powder was delivered to the OL-India Warehouse as agreed by the PO and the COA was shared and accepted by Congo and the material possession has been transferred to Congo. Congo's SOP was not followed by the QC team in either rejecting or approving the product upon reception and the referenced material was all taken into inventory. Once possession is taken, product responsibility resides with Congo.



In total, in the absence of an agreed standard for coconut water powder which fails to include standards for dark spots of coconut water powder, third-party quality testing that shows that the foreign material perpetrated in the claim that comes from the drying process of coconut water and completed purchase agreement which the ownership of the material has been transferred to Congo, coupled with Agrovana's non-deviation of previously agreed and accepted process flow, Congo's claim for delivered and accepted coconut water powder and any finished product made with the said ingredient is rejected for the all the aforementioned lots and as show of good faith Agrovana accepts claim for lot K-CWP-10A8 and will replace with a new lot.


Best Regards,
Agrovana