UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AGROVANA, LLC,<br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CONGO BRANDS LLC,<br>    Defendant, and<br><br>PRIME HYDRATION, LLC,<br><br>    Defendant and Counterclaim Plaintiff. | Civil Action No. 1:24-cv-12400-FDS<br><br>**JURY TRIAL DEMANDED** |

**AGROVANA'S ANSWER TO PRIME HYDRATION, LLC'S COUNTERCLAIMS**

Pursuant to Fed.R.Civ.P. 7(a)(3), the Counterclaim Defendant Agrovana, LLC ("Agrovana") herewith responds to the Counterclaim of Prime Hydration, LLC ("Prime") as follows:

**PARTIES**

1. Upon information and belief, the counterclaim defendant Agrovana admits the allegations of this paragraph.

2. Admitted.

**JURISDICTION AND VENUE**

3. This paragraph contains a conclusion of law to which no response is required. Further answering, if Prime does not believe that this court has subject matter jurisdiction over Agrovana's Complaint, it should not have removed the case to this Court.

4. To the extent jurisdiction is proper in this Court, which Agrovana does not admit,

venue of Prime's Counterclaim is proper pursuant to 28 U.S.C. § 1391.

**FACTS**

5. Admitted that Agrovana supplied coconut water powder ("CWP") to Prime. Further answering, while purchase orders ("POs") typically issued for each shipment, each shipment was also issued pursuant to a more comprehensive contract between the parties which specified the amount of product that Prime agreed to purchase through 2025.

6. Admitted that Exhibit A is a true and correct copy of a document Agrovana received on or about July 11, 2024. Denied that the document constitutes a legally sufficient "rejection and/or revocation of acceptance."

7. Denied.

8. Admitted that Agrovana disputed Prime's purported "rejection and/or revocation of acceptance," but denied that this paragraph completely or accurately summarizes that dispute. Admitted that Exhibit B is a true and correct copy of a document that Agrovana sent on or about July 23, 2024. Denied that this paragraph accurately summarizes that document.

9. Admitted that Exhibit C is a true and correct copy of a document that Agrovana sent on or about August 2, 2024. Denied that Prime was motivated by "significant quality control issues" insofar as (i) the purported issues were insignificant in light of the amount of product which had been shipped and (ii) Prime's complaints were motivated by its inability to sell its finished product as a result of factors that Agrovana had nothing to do with. Denied that the remaining allegations accurately summarize Exhibit C, and further denied that the product at issue was materially defective.

10. Denied that Agrovana failed to promptly provide the requested assurances. Further answering, Agrovana's response included detailed information and documentation

describing in detail Agrovana's responses to Prime's ostensible concerns. Further denied that Agrovana owes Prime the specified amount or any other amount.

11. Denied that this paragraph accurately summarizes Exhibit C, and specifically denied that Exhibit C constitutes a sufficient notice of rejection under relevant sections of the UCC.

12. Denied.

13. Admitted that Exhibit D is a true and accurate copy of various documents that Agrovana received from Prime. Denied that Prime calling the documents "placeholders" is of any legal significance, as there was already a binding contract between the parties requiring Prime to purchase 205 containers of CWP at $107,800 totaling $22,099,000 on specified future delivery dates, and Prime had no power to unilaterally abrogate that agreement.

14. The first sentence is admitted subject to the qualifications stated in response to paragraph 13. The second sentence is denied.

15. Admitted that Exhibit E is a true and correct copy of a document that Agrovana received on or about August 30, 2024. Denied that this paragraph accurately summarizes the contents of that document. Admitted that Prime repudiated is obligations under the parties' contract on or about August 30, 2024. The other allegations are denied for the reasons stated in the response to paragraph 13.

16. Admitted.

17. Admitted that Prime has further repudiated its contractual obligations to Agrovana, and otherwise denied. Agrovana specifically denies that there were any "significant quality control issues" with the vast majority of the goods sold and delivered.

18. Denied.

## COUNTERCLAIM COUNT I
### Breach of Contract

19. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

20. Agrovana cannot determine which POs 'referenced above' are referenced in this paragraph and so cannot admit or deny this paragraph. Further answering, all PO's issued were subject to the terms of the parties' broader contract.

21. Agrovana incorporates by reference its answer to paragraph 20.

22. Denied.

23. Denied.

## COUNTERCLAIM COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

24. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

25. Denied that Kentucky law applies to this dispute. Admitted that Massachusetts and Kentucky both recognize a duty of good faith and fair dealing in all contracts.

26. Denied.

27. Denied.

## COUNTERCLAIM COUNT III
### Breach of Implied Warranty of Merchantability

28. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

29. Admitted that Agrovana is a merchant under the meaning of U.C.C. §2-314, and otherwise denied.

30. Admitted.

31. Denied. To the contrary, Prime incorporated Agrovana's CWP into millions of bottles of product that Prime put into circulation for human consumption and apparently continues to do so to this day.

32. Denied.

33. Denied.

34. Denied.

## COUNTERCLAIM COUNT IV
### Breach of Implied Warranty of Fitness for a Particular Purpose

35. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

36. Admitted.

37. Denied.

38. Denied. The contract and one parties' course of dealing incorporated explicit, objective specifications for the product, thereby negating any warranty fitness for a particular purpose.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNTERCLAIM COUNT V
### Declaratory Judgment

43. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

44. Denied. Agrovana has taken the position that the parties have a valid contract for

the sale and delivery of goods and that the issuance of the purported 'Placeholder Purchase Orders' is nothing but theatre.

45. This paragraph describes Prime's legal position in this litigation, and no answer is required.

46. Agrovana denies that Prime is entitled to the relief it seeks.

## COUNTERCLAIM COUNT VI
## Unjust Enrichment

47. Agrovana incorporates by reference its answers to all prior paragraphs as if set forth here in full.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

Agrovana denies that Prime is entitled to any of the relief requested in its Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

All or part of the Counterclaims fail to state claims on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Prime's acceptance of the goods waived its right to reject them.

## THIRD AFFIRMATIVE DEFENSE

Prime's prior material breach of the contract precludes its attempts to recover under it.

## FOURTH AFFIRMATIVE DEFENSE

Prime's unreasonable delay in asserting that Agrovana's product was defective precludes its claims.

## **FIFTH AFFIRMATIVE DEFENSE**

Any claims on which Prime can recover are subject to recoupment and set-off of the amounts that Prime owes Agrovana.

## **SIXTH AFFIRMATIVE DEFENSE**

Prime's counterclaims are barred by the doctrine of estoppel because, among other things, Prime incorporated the CWP into products which it sold to consumers without complaint.

**AGROVANA DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

AGROVANA, LLC

By its Attorney,

*/s/ Edward Foye*

Edward Foye (BBO#562375)
efoye@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA  02109
Tel:  617-849-6200
Fax: 617-849-6201

Dated: October 28, 2024

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of October, 2024 a true and correct copy of the above document was served upon the attorneys of record by electronic delivery.

***Attorneys for Congo Brands LLC and Prime Hydration, LLC***

| | |
|---|---|
| Mark A. Berthiaume (BBO #041715)<br>Alison T. Holdway (BBO #690569)<br>GREENBERG TRAURIG, LLP<br>One International Place, Suite 2000<br>Boston, Massachusetts 02110<br>Tel.: (617) 310-6000<br>berthiaumem@gtlaw.com<br>alison.holdway@gtlaw.com | Peter M. Cummins (*pro hac vice* forthcoming)<br>D. Christopher Robinson (*pro hac vice* forthcoming)<br>FROST BROWN TODD LLP<br>400 West Market Street, Suite 3200<br>Louisville, Kentucky 40202<br>Tel.: (502) 589-5400<br>pcummins@fbtlaw.com<br>crobinson@fbtlaw.com |

                                              ***/s/ Edward Foye***

                                              Edward Foye (BBO#562375)