UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGROVANA, LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CONGO BRANDS LLC,<br><br>    Defendant,<br><br>and<br><br>PRIME HYDRATION, LLC,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No. 1:24-cv-12400-FDS |

**STIPULATED ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

With the consent of the parties signing below, the Court hereby ORDERS as follows:

1.  **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, responses to and information derived from subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents" or "material") shall be subject to this Order to the extent that such documents or information are designated as Confidential Information (defined below). This Order is subject to the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts on matters of interpretation and enforcement, including the calculation of time periods.

2. <u>Confidential Information</u>.  "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

    (a) information prohibited from disclosure by statute or agreement by which the producing party is bound;

    (b) research, development, technical, commercial or financial information that the party has maintained as confidential;

    (c) documents concerning a party's finances, accounts, income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

    (d) personal identity information, social security numbers, federal tax identification numbers, dates of birth, and the like;

    (e) information that reveals confidential or proprietary information (including but not limited to trade secrets) not commonly known to the public and not previously publicly disclosed in the litigation or otherwise.

Information or documents that are available to the public may not be considered as Confidential Information.

    (a)

3. <u>Designation of Documents Containing Confidential Information</u>.  A producing party may designate documents as Confidential Information as follows:

    (a) A producing party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the

document and on all copies in a manner that will not interfere with the legibility of the document.

The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or shall be applied prior to or at the time the documents are produced or disclosed.

Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. The designation of a document as Confidential Information is a certification by an attorney of his good faith belief that the document contains Confidential Information as defined in this Order.

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked.

  4. <u>Designation of Deposition Testimony Containing Confidential Information</u>. A party may designate deposition testimony as Confidential Information as follows

   (a) Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken or by serving a Notice of Designation on all parties of record within twenty (20) days after receipt of the transcript. Such designation shall be specific as to the portions of the transcript that contain Confidential Information.

    (b)    All deposition testimony shall be treated as Confidential Information protected by this Order until twenty (20) days after delivery of the transcript by the court reporter to all parties.

5.    <u>Protection of Confidential Information</u>.

    (a)    <u>General Protections</u>.  Confidential Information shall not be used for any purpose whatsoever other than in this litigation, including any appeal thereof, and shall not be disclosed to any person or entity except as provided in subparagraphs 5(b) and 5(c) below.

    (b)    <u>Limited Disclosure of Confidential Information</u>.  Access to and/or disclosure of Confidential Information shall be permitted only to the following categories of persons:

        (i)    <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the action.

        (ii)    <u>Parties</u>.  The parties to this action and employees of a party who have direct functional responsibility for the preparation and trial of the litigation in which the information is disclosed, and only after the employee is provided with a copy of, and becomes subject to, the provisions of this Order by signing the certification contained in **<u>Attachment A</u>**, Acknowledgement of Understanding and Agreement to be Bound by Stipulated Confidentiality Order.

        <u>(iii)</u>    <u>The Court</u>.  The Court and its personnel.

        (iv)    <u>Court Reporters, Videographers, and Other Recorders</u>.  Court reporters, videographers, and other recorders engaged for depositions.

        (v)    <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

        (vi)    <u>Consultants and Experts</u>.  Consultants, investigators, and/or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have

        signed the certification contained in **Attachment A**, Acknowledgment of Understanding and Agreement to Be Bound.

(vii) <u>Witnesses at Depositions</u>. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) <u>Author, Recipient, or Furnisher of Information</u>. The author, recipient, or furnisher of the information in or of the document (not including a person who received the document in the course of litigation).

(ix) <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court on such conditions as may be agreed upon or ordered.

(x) <u>Subpoena Respondents</u>. Third-party individuals and/or entities that are not named as parties to this lawsuit but have been served a lawful subpoena related to this lawsuit and are required to disclose information in response to that subpoena but only after the third-party has signed the certification contained in **Attachment A**, Acknowledgement of Understanding and Agreement to be Bound, or as ordered by the Court.

(c) <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after the termination of this action.

6. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party or non-party intending to file a document designated as Confidential Information in connection with a motion, brief, or other submission to this Court

or any appellate court must comply with the rules of the relevant court and all state and federal privacy laws.  The proponent must either:

  (a) Seek to file the document designated as Confidential Information under seal pursuant to the court's rules, or

  (b) redact from any such filings all Confidential Information including all account numbers, except for the last four digits of any account number, federal tax identification numbers, social security numbers and dates of birth.

  7. <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to designate a document as Confidential Information. A party or non-party who inadvertently fails to designate a document as Confidential Information may, within seven (7) days after discovering the need for such a designation, provide written notice of the error to the receiving party and produce a substitute copy of the document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  Any party that received the inadvertently unmarked documents shall retrieve such documents from persons not entitled to receive them and, upon receipt of the substitute documents, shall promptly return or destroy the inadvertently unmarked documents.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent.

  8. <u>No Greater Protection of Specific Documents</u>.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.  <u>Challenges by a Party to Designation as Confidential</u>.  The designation of any material, information, or document as Confidential Information under this Order is subject to challenge by any party.  The following procedure shall apply to any such challenge:

    (a) <u>Challenge Notice</u>.  A party challenging the designation of Confidential Information shall first provide the designating party a written objection that explains the basis for the challenging party's belief that the confidentiality designation was not proper (a "Challenge Notice").  The designating party must respond to the Challenge Notice in writing within ten (10) business days and, if the designating party declines to change the confidentiality designation, explain the basis for the confidentiality designation.  Failure to respond to the Challenge Notice within ten (10) business days will constitute a waiver of the confidentiality designation.

    (b) <u>Meet and Confer</u>.  If there are any outstanding disagreements after the parties engage in the Challenge Notice process described in subparagraph 9(a) above, the parties may meet and confer in a good faith attempt to resolve those disagreements.  The challenging party may not seek judicial intervention without having undergone the meet and confer process.

    (c) <u>Judicial Intervention</u>.  If the parties are unable to resolve the challenge, the challenging party may serve and file a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the designating

party. Until the motion is resolved by Court order or the parties' agreement, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. <u>Action by the Court</u>. Applications to the Court for an order relating to the Confidential Information must be made by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. <u>Production of Privileged or Work-Product Documents</u>. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection from unauthorized disclosure allowed by Federal Rule of Evidence 502(d).

12. <u>Review of Documents</u>. Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. <u>Challenges to Sealing Orders</u>. A party has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any documents, materials, or

information designated in this action as Confidential Information, the receiving party must, to the extent permitted by law, notify the designating party and/or its/his/her attorney, in writing, within seven (7) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order in question.

(b) The receiving party, to the extent permitted by law, also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. In addition, the receiving party, to the extent permitted by law, must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) To the extent permitted by law, the purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party and/or its/his/her attorney in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party and/or its/his/her attorney shall bear the burden and the expense of seeking protection in that court of its Confidential Information. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its/his/her possession, custody, or control Confidential Information of the other party to this case.

1. <u>Obligations on Conclusion of Litigation</u>.

    (a)    <u>Order Continues in Force</u>.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b)    <u>Returning or Destroying Confidential</u>.  Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information under this Order shall be returned to the producing party.  If the parties so agree, the Confidential Information may be destroyed instead of being returned.

    (c)    <u>Retention of Work Product and Filed Documents</u>.  Counsel may retain:

        (i)    attorney work product, including an index that refers to or relates to designated Confidential Information;

        (ii)    documents filed with the Court including those filed under seal; and

        (iii)    hard copy and electronic copies of all deposition transcripts.

Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use is in conformance with the terms of this agreement.

15.    <u>Order Subject to Modification</u>.  This Order is subject to modification by the Court on its own initiative or on motion of a party or other person with standing concerning the subject matter.  Nothing in this Order shall be construed as prejudicing any party's right to seek an agreement or Court order providing additional confidentiality or other protections to any documents or materials produced in this litigation.  However, until such agreement or order is obtained, this Order shall govern.

16.    <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated

Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court rules on a specific document or issue.

      17.     <u>Persons Bound</u>.  This Order takes effect when entered by the Court and is binding on the parties, all counsel of record and their law firms, persons made subject to this Order by its terms, and persons made subject to this Order by having signed **Attachment A**, Acknowledgement of Understanding and Agreement to be Bound by Stipulated Confidentiality Order.

IT IS SO STIPULATED.

Dated:  March 11, 2025

Agrovana, LLC,

By its attorneys,

*/s/ Edward Foye*
Edward Foye (BBO #562375)
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, Massachusetts 02109
Tel.:    (617) 849-6200
Email:  efoye@arrowoodllp.com

Dated:  March 11, 2025

Congo Brands LLC and
Prime Hydration, LLC,

By their attorneys,

*/s/ Alison T. Holdway*
Mark A. Berthiaume (BBO #041715)
Alison T. Holdway (BBO #690569)
GREENBERG TAURIG, LLP
One International Place, Suite 2000
Boston, Massachusetts 02110
Tel.:    (617) 310-6000
Email:  berthiaumem@gtlaw.com
           alison.holdway@gtlaw.com

- and -

Peter M. Cummins (*pro hac vice*)
D. Christopher Robinson (*pro hac vice*)
FROST BROWN TODD LLP
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
Tel.:    (502) 589-5400
Email:  pcummins@fbtlaw.com
           crobinson@fbtlaw.com

IT IS SO ORDERED.

DATED:  April 9, 2025                            /s/ F. DENNIS SAYLOR, IV
                                                 THE HONORABLE F. DENNIS SAYLOR IV
                                                 SENIOR UNITED STATES DISTRICT JUDGE