UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AGROVANA, LLC,

       Plaintiff and Counterclaim-
       Defendant,

v.

CONGO BRANDS LLC,

       Defendant,

       and

PRIME HYDRATION, LLC,

       Defendant and Counterclaim-
       Plaintiff.

Civil Action No. 1:24-cv-12400

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT AGROVANA,
LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| AGROVANA, LLC, |
|       Plaintiff and Counterclaim-Defendant, |
| v. |
| CONGO BRANDS, LLC, |
|       Defendant, |
| and |
| PRIME HYDRATION, LLC, |
|       Defendant and Counterclaim-Plaintiff. |

Civil Action No. 1:24-cv-12400-FDS

**DEFENDANT CONGO BRANDS, LLC'S AND DEFENDANT AND COUNTERCLAIM PLAINTIFF PRIME HYDRATION, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANT AGROVANA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes now Defendant Congo Brands, LLC ("Congo") and Defendant/Counterclaim Plaintiff Prime Hydration, LLC, and hereby provides the following Responses and Objections to Agrovana LLC's ("Agrovana") First Set of Requests for Production of Documents ("Requests for Production").

**PRELIMINARY STATEMENT**

Prime/Congo make these Responses and Objections subject to and without waiving (1) all questions as to the admissibility into evidence of the Responses and Objections, any documents to which reference may be made, or the subject matter of any such documents; (2) the right to object to other discovery directed to the subject matter of the Requests for Production; (3) the right to make additional objections or seek additional protective orders in the event additional review of files and pretrial preparation result in further information with respect to any of the Requests for

Production; and (4) the right to at any time revise, correct, add to or clarify any of these Responses and Objections consistent with the Federal Rules of Civil Procedure, the Local Rules of the Court, and any Order of the Court. Discovery in this matter is ongoing. As such, these Responses and Objections are provided without prejudice to, and with reservation of, Prime/Congo's right to supplement them based upon information that may be disclosed in the course of discovery.

Prime/Congo additionally notes that these Requests for Production contain **82** Requests when counting each and every individual subpart. As just one example, Request No. 15 contains **19 subparts**, A – S. While Federal Rule of Civil Procedure 34 does not contain a limit on the number of Requests for Production a party can serve, Rule 26 still requires that discovery requests be proportional to the needs of the case. It is difficult to see how 82 Requests for Production is anywhere close to proportional to the needs of this case. Prime/Congo has nonetheless made a reasonable effort to answer in good faith the unobjectionable portions of each Request.

### GENERAL OBJECTIONS AND RESERVATIONS

The following General Objections apply to the Requests and, unless otherwise stated, shall have the same force and effect as if set forth in response to any individual Request:

Prime/Congo responds to the Requests without conceding the materiality, admissibility, or relevance of any Request or response.

By responding to the Requests and by agreeing to produce documents in response to the Requests, Prime/Congo does not intend to waive any privilege or right. Nevertheless, if any response may be deemed to be a waiver of any privilege or right, such waiver shall be a limited waiver with respect to that particular response only.

By responding to the Requests and by agreeing to produce documents in response to the Requests, Prime/Congo neither waives nor intends to waive any objection that it may have

regarding the use of such documents by any party, including, but not limited to, privilege or relevance.

Prime/Congo's responses to any particular Request shall not be construed as an acknowledgement or representation by Prime/Congo that any information responsive to that Request exists and/or is properly discoverable.

Discovery is ongoing, and Prime/Congo has not completed its review of the documents in its possession. Accordingly, these responses are based on only the documents presently known to it. Further investigation may reveal additional information that could lead to additions to, changes in, and/or variations from the responses below. Pursuant to Fed. R. Civ. P. 26(e), Prime/Congo reserves the right to supplement, amend, correct, clarify, or modify its responses as further knowledge or information becomes available.

Prime/Congo will produce responsive documents on a rolling basis and pursuant to the Stipulated Order for the Production and Exchange of Confidential Information, which was entered by the Court at Dkt. No. 32.

## DEFINITIONS

1.     "Prime" refers to "Prime Hydration, LLC" and any and all of its agents, representatives, accountants, attorneys, or other persons subject to its control.

2.     "Congo" refers to Congo Brands, LLC and any and all of its agents, representatives, accountants, attorneys, or other persons subject to its control.

3.     "Agrovana" refers to "Agrovana, LLC" and any and all of its agents, representatives, accountants, attorneys, or other persons subject to its control, and when used in the context of being a receiver or sender of a communication or document, refers to Tim Panagopoulos and Hevan Patel.

4.    The term "Party" or "Parties" refers to Prime, Congo, and Agrovana.

5.    "The Lawsuit" refers to the above captioned matter.

6.    "Agrovana's CWP" refers to the coconut water powder supplied by Agrovana to Prime.

7.    "Congo/Prime's Discovery Requests" refer to Defendants' and Counterclaim Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission served on Agrovana on March 31, 2025.

8.    When Prime/Congo uses a term defined in Agrovana's Requests for Production, it should be accorded the meaning stated in Agrovana's definition. Otherwise, terms should be accorded their plain and ordinary meaning.

9.    "Coconut Claim Summary" is a collection of summary spreadsheets attached as **Exhibit A** to the Discovery Responses, containing the following tabs:

a.    Disputed Lots from July 11, 2024 ("the July Claim");

b.    Additional Disputed Lots rejected by Co-packers for Foreign Material after the July Claim;

c.    Shelf-life clumping Report dated 1.30.25, including lots that failed testing before expiration and whether they were previously on Foreign Material hold; and

d.    Full Inventory File of Agrovana CWP as of 1.13.25.

10.    "CWP Global Moves" refers to the spreadsheet indicating Prime's relocation of certain lots of Agrovana's CWP to serve other Co-packers in need of product, attached as **Exhibit B** to the Discovery Responses.

11.    "Co-packers" refers to the companies that manufacture Prime's products.

12.     "The Manna Incident" refers to when Manna first discovered Foreign Material in lots of Agrovana's CWP during the production of Prime's products at its Anaheim, CA facility on or around late February/early March 2024.

13.     "Eurofins Reports" refers to the reports Prime had prepared by third-party tester Eurofins Microbiology Laboratories on certain lots of Agrovana's CWP dated March 21, 2024, and May 24, 2024.

14.     The terms "document" and "documents" refers to all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages, calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, Post-It notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts and all other written, graphic or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.

15.     The terms "communication" or "communications" means the transmittal of information by any means, including but not limited to the transmittal of information by virtue of a document.

16.     "Email Chains" refers to any series of email communications with the same subject line.

17.    "Teams Messages" refers to communications shared using the chat feature in Microsoft Teams.

18.    To affect the broadest possible response to any Discovery Request, the singular includes the plural and the plural includes the singular, the words "and" and "or" are both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all;" the word "including" means "including without limitation."

<u>**RESPONSES TO REQUESTS FOR PRODUCTION**</u>

1.    All purchase orders or other documents in which Prime agreed to buy CWP from Agrovana.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, which include numerous purchase orders entered into between Prime and Agrovana for the purchase of CWP and email chains in connection with the same.

2.    All documents concerning or containing any information about any agreement between Agrovana on the one hand and Prime on the other for the provision of CWP, including any agreed quality or other standards for the product, or any schedule for the purchase of delivery of the product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including email communications and related attachments regarding the agreement between Agrovana and Prime for the provision of CWP, including email chains between Prime personnel and Agrovana regarding the price terms for CWP, supply chain operations, quality standards, defects, revised

procedures to correct defects, and/or other matters pertaining to the contractual relationship between Agrovana and Prime.

3.    All communications with Agrovana about the terms under which Prime would agree to purchase Agrovana's CWP, including negotiations about the purchase of the product. For purposes of this request and those that follow, a 'term' includes communications about the price of the product, the quality of the product, and technical specifications for the product, the quantity of the product, or the delivery terms of the product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including the email chain with the subject line "Coconut specs and pricing/Congo Brands."

4.    All documents and communications reflecting any modifications to the arrangement between Prime and Agrovana relating to the sale and purchase of CWP.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the email chain between Prime personnel and Agrovana with the subject line "Revised Plan/CWP Agrovana," the correspondence between Prime/Congo's attorney and Agrovana dated August 30, 2024, wherein Prime notified Agrovana that all Placeholder Purchase Orders with shipment dates after December 1, 2024 were not confirmed, and all communications between Prime personnel and Agrovana regarding the Quality Defects, including but not limited to the email chains with the subject lines "Re: Foreign Object Notification" and "FW: Agrovana Coconut Claim Documentation 7.11.24."

5.    All documents concerning your initial approval of Agrovana as a vendor of CWP and all documents evidencing or concerning any evaluation of Agrovana's product and performance. This includes but is not limited to (a) documents generated under or required by the SOP's for Prime's approved supplier program (or any equivalent program conducted pursuant to 21 CFR 117); (b) the SOP's for Prime's vendor qualification or equivalent program; (c) any Ingredient Hazard Analysis or equivalent document in which Prime analyzed the biological, physiological, chemical, radiological, economic, or other risks with regard to Agrovana's CWP.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to Prime/Congo's Vendor Qualification Questionnaire executed by Agrovana as part of Prime's SOPs. Prime/Congo additionally refers Agrovana to the email chain with the subject line "PRIME Supplier Approval New Co-Man completed docs."

6.    Prime's New Product Development SOP's (as defined above) that were in effect between 2022-2025, and all documents which in any manner analyze or describe Agrovana's CWP in connection with Prime's application of those SOP's to Agrovana's product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

7.    All New Product Development Risk Assessment records associated with Prime's approval of Agrovana's product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

8.    All records concerning Agrovana's CWP which were maintained pursuant to Prime's foreign material supplier program (or any equivalent program in which Prime evaluates foreign suppliers pursuant to 21 CFR 117 to ensure conformance with US food safety requirements).

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

9.    All records of any Foreign Supplier Audit which Prime conducted on Agrovana or on any other supplier of CWP.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the information requested is not relevant to any party's claims or defenses and  not proportional to the needs of the case. Whether Agrovana's CWP was compliant with the laws and regulations of any foreign country in which Prime sold its products is unrelated to whether Agrovana's CWP has Quality Defects. Additionally, the parties' relative access to the documents sought by this Request is equal – Agrovana would have all of these documents in its possession, custody, and control.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

10.    All ingredient assessment records which Prime maintains concerning Agrovana's CWP or any other CWP that Prime purchased from 2022-present. These include but are not limited to HARPC records and any other ingredient hazard analysis(es) which Prime performed on Agrovana's CWP at any time.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

11.    All documents setting forth Prime's SOP's for the monitoring of quality and safety issues in connection with the receipt and handling of products intended to be incorporated into Prime's products.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request because the documents sought are not relevant to any party's claims or defenses and not proportional to the needs of the case. SOPs relating to *any* products intended to be incorporated into Prime's products is not relevant to whether Agrovana's CWP has Quality Defects.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

12.    All documents containing any information about Prime's SOP's for the monitoring of quality and safety issues in connection with the receipt and handling of products intended to be incorporated into Finished Product.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this request because the documents sought are not relevant to any party's claims or defenses and not proportional to the needs of the case. SOPs relating to *all* products incorporated into Finished Product is not relevant to whether Agrovana's CWP in particular was defective.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

13.    All documents which set forth any HACCP procedures adopted by Prime in connection with the manufacture of its products, including any HACCP flow charts for any product in which Agrovana's CWP was an ingredient.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

14.    All documents which concern or contain any information about the quality of any product received from Agrovana. This includes any documents approving Agrovana's CWP for use in Prime's products as well as any documents which express concerns about Agrovana's product.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is not proportional to the needs of the case. Prime and Agrovana's business relationship was conducted almost exclusively over years of email chains with a massive number of communications and documents regarding the quality of Agrovana's CWP and concerns about Agrovana's CWP, and this Request has no limitation to documents related to the Quality Defects at issue in this Lawsuit. The burden of searching for and locating all of these responsive documents would outweigh any conceivable benefit they would have on this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

15.    For each and every Disputed Lot, please provide:

A.    All documents concerning or reflecting the delivery of each Disputed Lot to Prime's designated agent in India (or any other person), including but not limited to (i) bills of lading and (ii) all communications between the agent who accepted delivery of the

11

lot in India and Prime that in any manner concern the delivery of that lot.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to any party's claims or defenses, not proportional to the needs of the case, and intended to annoy and harass Prime/Congo because it requests documents about the supply chain of Agrovana's CWP, which is unrelated to whether Agrovana's CWP has Quality Defects, as the Quality Defects would have arisen during manufacturing of Agrovana's CWP, not transportation.

Further, Agrovana controlled and monitored all aspects of the CWP supply chain prior to its shipment to the U.S. Requesting Prime/Congo to produce these documents is not needed and appears intended to annoy and harass Prime/Congo by imposing on Prime/Congo unnecessary discovery costs, as opposed to being a genuine request to obtain documents that Agrovana actually needs and/or is missing from its records.

The documents sought are also not proportional to the needs of the case because the parties' relative access to the information is equal. If anything, Agrovana would have better access to these documents because of its control over the initial phases of the supply chain process. Additionally, the business relationship between Agrovana and Prime was almost exclusively conducted over years of emails which would already be in Agrovana's possession, custody, and control. The burden and expense of sifting through all of these emails to locate this information would be equal on each party, and the burden of doing so would be unlikely to outweigh any conceivable benefit because of the limited value of this information as described above.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

        B.      The certificate of analysis (COA) for each Disputed Lot supplied to Prime's

designated agent in India;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to any party's claims or defenses, not proportional to the needs of the case, and intended to annoy and harass Prime/Congo because it requests documents about the supply chain of Agrovana's CWP, which is unrelated to whether Agrovana's CWP has Quality Defects, as the Quality Defects would have arisen during manufacturing of Agrovana's CWP, not transportation.

Further, Agrovana controlled and monitored all aspects of the CWP supply chain prior to its shipment to the U.S. Requesting Prime/Congo to produce these documents is not needed and appears intended to annoy and harass Prime/Congo by imposing on Prime/Congo unnecessary discovery costs, as opposed to being a genuine request to obtain documents that Agrovana actually needs and/or is missing from its records.

The documents sought are also not proportional to the needs of the case because the parties' relative access to the information is equal. If anything, Agrovana would have better access to these documents because of its control over the initial phases of the supply chain process. Additionally, the business relationship between Agrovana and Prime was almost exclusively conducted over years of emails which would already be in Agrovana's possession, custody, and control. The burden and expense of sifting through all of these emails to locate this information would be equal on each party, and the burden of doing so would be unlikely to outweigh any conceivable benefit because of the limited value of this information as described above.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

       C.     All communications in which your designated agent in India (or any other person) informed you about the receipt of the disputed lot and/or the receipt of the COA's

referenced in Request 1(B);

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is not relevant to any party's claims or defenses and not proportional to the needs of the case because it concerns the supply chain of Agrovana's CWP which is unrelated to the Quality Defects. The Quality Defects would have arisen during manufacturing of Agrovana's CWP, not during transportation.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

D.      All communications between Prime and its designated agent in India (or any other person) concerning the receipt and/or trans-shipment of each Disputed Lot;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to any party's claims or defenses and not proportional to the needs of the case because it requests documents about the supply chain of Agrovana's CWP, which is unrelated to whether Agrovana's CWP has Quality Defects, as the Quality Defects would have arisen during manufacturing of Agrovana's CWP, not transportation.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

E.      All documents evidencing the method and conditions of transport of each Disputed Lot from India to the United States (or its final destination, if sent somewhere other than the US);

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to

14

any party's claims or defenses and not proportional to the needs of the case because it requests

documents about the supply chain of Agrovana's CWP, which is unrelated to whether Agrovana's

CWP has Quality Defects, as the Quality Defects would have arisen during manufacturing of

Agrovana's CWP, not transportation.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to

the documents produced herewith, which contain numerous email chains regarding the methods

and conditions of transport of Agrovana's CWP to the U.S.

> F.    All documents showing the date that each Disputed Lot arrived in the
> United States (or final destination of the Disputed Lots if other than the US). Your response
> should include documents identifying the port of entry of the goods and all documents
> containing any information about the condition of the goods at the time of entry.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations,

Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to

any party's claims or defenses, not proportional to the needs of the case, and intended to annoy

and harass Prime/Congo because it requests documents about the supply chain of Agrovana's

CWP, which is unrelated to whether Agrovana's CWP has Quality Defects, as the Quality Defects

would have arisen during manufacturing of Agrovana's CWP, not transportation.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to

the documents produced herewith, which contain numerous email chains regarding the transport

of Agrovana's CWP to the U.S.

> G.    All documents concerning how the CWP contained in each Disputed Lot
> was used in the creation of any Finished Product, including documents showing which
> boxes in any Disputed Lot were used in Finished Product and which boxes were not.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

following the Manna Incident, no Disputed Lots were used in the creation of any Finished Product.

To the extent that the documents requested here relate to Disputed Lots that Prime placed on hold

after the Manna Incident, Prime/Congo is not currently aware of any responsive documents.

       H.     All documents concerning or reflecting the reason(s) why some boxes in each Disputed Lot were used in Finished Product and other boxes were not.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to its response to Request No. 15(G).

       I.     All documents evidencing the dates on which all or part of any Disputed Lot was used in the creation of Finished Product;

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to its response to Request No. 15(G).

       J.     All communications with any bottler or co-man about any Disputed Lot. Your response should include but not be limited to any communications about when the goods were shipped, when they arrived, the condition in which they arrived, and the use to which they were put.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to

the email chain with the subject line "Re: Foreign Object Notification."

       K.     All documents evidencing or containing any information about communications with any bottler or co-man regarding the use or nonuse of any Disputed Lot;

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to the documents produced herewith.

L.    All documents evidencing or containing any information about communications between Prime and any co-man or bottler regarding the condition of any Disputed Lot;

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to its response to Request 15(J).

M.    All communications with any bottler, co-man, test facility, or other third party regarding the condition of any CWP supplied by Agrovana, including but not limited to all communications between or among the bottler, co-man, test facility, or other third party on the one hand and Prime on the other.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the Eurofins Reports.

N.    To the extent not supplied in response to any document request above, all internal communications concerning any Disputed Lot.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, which include numerous email chains and Teams Messages discussing the Disputed Lots and Quality Defects.

O.    To the extent not supplied in response to any document request above, all communications with any third party in which any Disputed Lot was referenced or discussed.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

P.    To the extent not supplied in response to any document request above, the Mass Balance records for each Disputed Lot.

17

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to Tab 4 of the Coconut Claim Summary.

Q.    All HPLC or other tests performed on any Disputed Lot.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

R.    All CAPA reports created by Prime or any of its comans or bottlers in response to any issue with Agrovana's CWP.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, which contain numerous CAPA reports generated in response to issues with Agrovana's CWP over the course of the business relationship between Agrovana and Prime.

S.    To the extent not produced in response to document requests above, all destination directives from Prime to any intermediary regarding the place(s) to which CWP should be sent.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is not relevant to any party's claims or defenses and not proportional to the needs of the case because it concerns the supply chain of Agrovana's CWP which is unrelated to the Quality Defects. The Quality Defects would have arisen during manufacturing of Agrovana's CWP, not during transportation.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith, which contain numerous email chains regarding the transportation of Agrovana's CWP to the U.S.

16.     All communications between you and any other vendor or potential vendor of CWP from January 1, 2024 to the present which in any manner concern (a) your specifications for CWP or (b) the performance of Agrovana's product or (c) customer complaints about any Prime beverage.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to any party's claims or defenses, not proportional to the needs of the case, and intended to annoy and harass Prime/Congo. Prime/Congo's communications with other vendors of CWP has no conceivable relevance to whether Agrovana's CWP has Quality Defects or whether Prime owes Agrovana the sums it alleges it is owed. Prime/Congo additionally objects to this Request because it is harassing, seeking information about unrelated consumer complaints and Prime's relationships with other vendors that would not be important for resolving any issues in this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo states that no such documents exist.

17.     All communications to or from Agrovana in which you referenced or discussed the quality of Agrovana's product or in which you set forth specifications for the product, as well as Agrovana's response to those communications.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is harassing and not proportional to the needs of the case. The Request is harassing because Agrovana is well aware of the fact that Prime relied on Agrovana for its expertise in CWP, so Prime would have followed Agrovana's lead on determining proper specifications. Agrovana would therefore have equal if not better access to the

19

documents sought by this Request. Prime/Congo additionally states that the business relationship between Prime and Agrovana was conducted over years of email chains which Agrovana already has in its possession, custody, and control, including discussions about the quality of and specifications for Agrovana's CWP.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

18.    All communications to or from Agrovana regarding the terms under which Agrovana would pay for warehouse space for product it delivered to Prime. See paragraph 11 of Agrovana's Amended Complaint.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that the documents sought are not relevant to any party's claims or defenses and not proportional to the needs of the case. Prime/Congo does not dispute that Agrovana paid for warehouse space for Agrovana's CWP for a period of time, so the documents are not important to resolving any issues in the case. The Parties' relative access to the documents is equal, as Agrovana would already possess all of the communications requested, and thus the burden of requiring Prime/Congo to dig up these communications is unlikely to outweigh any conceivable benefit.

Subject to the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

19.    All documents from 2023 to the present in which you asked Agrovana to modify its price or delivery schedule.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the email chains with the subject lines "Re: Urgent. Fwd: ORDERS FOR PRIME" and "Revised Plan/CWP Agrovana."

20.     All 2023 or 2024 internal communications that in any manner concern (i) your specifications for CWP or (ii) Agrovana's proposed revised specifications communicated in Agrovana's letter of September 13, 2024.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, which include numerous Teams Messages and Email chains between Prime personnel related to these subjects.

21.     All communications with any bottler, co-man, or other person (as that term is defined above) regarding Agrovana's CWP.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is overly broad, not relevant to any party's claims or defenses, and not proportional to the needs of the case because it seeks "all" communications with Co-packers regarding Agrovana's CWP, the majority of which will be unrelated to the Quality Defects of Agrovana's CWP arising in early 2024.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the email chain with the subject line "Re: Foreign Object Notification."

22.     The results of any and all tests, including HPLC tests, performed on any product that Agrovana sold to you. This request is not limited to test results on which you purportedly

relied in rejecting/revoking acceptance of Agrovana's product, but rather includes any test results whatsoever.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is overly broad, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Tests on Agrovana's CWP unrelated to the Quality Defects are irrelevant to this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

23.    All communications with any facility that performed any test on any CWP that Agrovana sold.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is overly broad, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Tests on Agrovana's CWP unrelated to the Quality Defects are irrelevant to this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to its response to Request No. 15(M) and the documents produced herewith.

24.    All communications with any bottler or co-man regarding the quality of Agrovana's product or the use of Agrovana's product in any Finished Product.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is overly broad, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Communications about

the quality of Agrovana's CWP is unrelated to whether Agrovana's CWP has Quality Defects.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the documents produced herewith.

25.    All CAPA reports generated by Prime or any of its suppliers or co-mans which in any manner concern Agrovana's CWP, including any CAPA's which Agrovana prepared in response to Prime's complaint.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

26.    All internal communications concerning any CAPA's which Agrovana sent to you.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

27.    For all Remaining Product (as that term is defined above), please provide:

A.    All documents that evidence the condition of the product (a) when it was received by Prime and (b) when it was received by the bottler or co-man or other destination to which it was sent.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

B.    All documents that evidence the amount of Remaining Product which Prime had in its possession as of July 11, 2024.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to Tab 4 of the Coconut Claim Summary, attached as Exhibit A to the Discovery Responses.

C.    All documents that evidence the amount and location of Remaining Product which Prime had in its possession as of March 30, 2025.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the below June Summary, Raw Material on Hand Report:



D.    All documents that evidence the use or other disposition of Remaining Product between July 11, 2024 and March 30, 2025.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the spreadsheet entitled CWP Global Moves, attached as Exhibit B to the Discovery Responses.

E.    All documents evidencing or containing any information about any communications you had before September 19, 2024 with any bottler, co-man, or other facility about the preservation of Remaining Product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

24

F.    All documents evidencing or containing any information about any communications you had on or after September 19, 2024 with any bottler, co-man, or other facility about the preservation of Remaining Product, including but not limited to any litigation holds that Prime sent.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

G.    All Mass Balance reports (as defined above) for each and every Lot containing any Remaining Product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to Tab 4 of the Coconut Claim Summary.

28.    For all Finished Product (as that term is defined above), please provide the following.

A.    Actual monthly sales figures for each product from 2022-present;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as overly broad, harassing, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Prime's actual monthly sales figures is unrelated to whether the Disputed Lots of Agrovana's CWP has Quality Defects and whether Agrovana is entitled to payment from Prime for the Disputed Lots.

Prime/Congo will not produce documents responsive to this Request.

B.    All projected sales figures for each product from 2022-present;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as overly broad, harassing, not relevant to any party's claims

or defenses, and not proportional to the needs of the case. Prime's projected sales figures is unrelated to whether the Disputed Lots of Agrovana's CWP has Quality Defects and whether Agrovana is entitled to payment from Prime for the Disputed Lots.

Prime/Congo will not produce documents responsive to this Request.

C.    All complaints or comments about any Finished Product received from any source whatsoever;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as overly broad, harassing, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Whether Prime/Congo received complaints about Finished Product generally is irrelevant to whether Agrovana's CWP had Quality Defects because the Quality Defects would have been detected during the manufacturing of Prime beverages and therefore would have been identified prior to bottling. Even assuming such complaints were relevant to any party's claims or defenses, this Request applies broadly to "all" complaints or comments received from "any" source, rather than complaints limited to those that Prime attributes to Agrovana's CWP.

Prime/Congo will not produce documents responsive to this Request.

D.    All consumer complaints or comments (whether made directly to Prime or posted on social media) regarding issues or problems which you attribute to Agrovana's product;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Whether Prime/Congo received complaints about Finished Product it attributes to Agrovana's CWP is irrelevant to whether Agrovana's CWP

has Quality Defects because the Quality Defects would have been detected during the manufacturing process of Prime beverages and therefore would have been identified prior to bottling.

Prime/Congo does not currently possess any consumer complaints about Agrovana's product that Prime/Congo attribute to any Disputed Lots.

E.    All documents evidencing or containing information about Prime's customer complaint SOP's;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Prime's SOPs for customer complaints are irrelevant to whether Agrovana's CWP has Quality Defects.

Prime/Congo will not produce documents responsive to this Request.

F.    Any CAPA, trend analysis, or compilation of complaints received from customers about Prime's products;

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as overly broad, harassing, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Whether Prime/Congo received complaints about Prime products generally – as opposed to Finished Product containing Agrovana's CWP – is irrelevant to whether Agrovana's CWP had Quality Defects.

Prime/Congo will not produce documents responsive to this Request.

G.    All communications with any federal, state, or local health authority concerning any customer complaints or any complaints in any manner attributable to Agrovana's CWP.

27

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo is not currently aware of any documents or communications responsive to this Request.

29.    The complaint and the answer and any counterclaim or third-party claim for every lawsuit in which Prime or Congo or any related party is a plaintiff or defendant. Your responses should encompass all lawsuits that were pending either (1) as of the date that Agrovana filed its complaint or (2) as of the date that you are responding to these document requests.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to Request for Production No. 29 as overly broad, harassing, irrelevant to the Parties' claims and defenses, and not proportional to the needs of the case. Information from other lawsuits where Prime/Congo are parties is irrelevant to the narrow issues in this case – whether the Disputed Lots of Agrovana's CWP had Quality Defects and whether Prime owes Agrovana the sums it alleges it is owed. The parties' relative access to this information is also equal because any court documents would be public record.

Prime/Congo will not produce documents responsive to this Request.

30.    All communications between Prime and any public relations firm which in any manner concerns this litigation, and all communications from the public relations firm to any newspaper or other media which in any manner concern this litigation.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as overly broad, harassing, irrelevant to the Parties' claims and defenses, and not proportional to the needs of the case. Communications between Prime and any public relations firm and communications from the public relations firm to any media outlet

is not relevant to whether Agrovana's CWP had Quality Defects and whether Prime owes Agrovana the sums it alleges it is owed.

Prime/Congo will not produce documents responsive to this Request.

31. All social media posts by any officer, director, or employee of Prime which in any manner concern this litigation or Agrovana's product.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request on the grounds that it is irrelevant to the Parties' claims and defenses and not proportional to the needs of the case. Social media posts by officers, directors, or employees of Prime concerning this litigation is unrelated to whether Agrovana's CWP has Quality Defects. The Parties' relative access to social media posts would also be equal given that Agrovana could simply search the internet for social media posts related to this Lawsuit.

Prime/Congo will not produce documents responsive to this Request.

32. All documents that in any manner concern the allegations of your Amended Counterclaims, including but not limited to:

      A.    All documents in which Prime ostensibly "made Agrovana aware of its rejection and/or revocation of acceptance of CWP previously delivered," as alleged in paragraph 6.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the Email from Ryan Lane to Tim Panagopoulos and Haven Patel dated July 11, 2024, attached as Exhibit A to the Answer to the Amended Complaint and Counterclaim, and the Letter from Prime/Congo's attorney to Tim Panagopoulos dated August 2, 2024, attached as Exhibit C to the Answer to the Amended Complaint and Counterclaim.

B.     All internal communications concerning Prime's alleged quote rejection and/or revocation of acceptance of CWP," as alleged in paragraph 6;

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

C.     All documents which concern or contain any information about Agrovana's alleged "failure to comply with minimum safety and quality standards, including the delivery of CWP containing foreign substances," as alleged in paragraph 7. Your answer should include but not be limited to all documents on which you based your purported "rejection and/or revocation of acceptance".

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to its responses to Requests Nos. 4 and 15(M).

D.     All documents that evidence or contain any information about "the significant quality control issues revealed by Prime's inspection of Agrovana's CWP," as alleged in paragraph 9. Your answer should include all documents relating to any inspection which Prime performed upon Agrovana's CWP.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to its responses to Requests Nos. 4 and 15(M).

E.     All documents in which you communicated to Agrovana your "quality standards" from 2022-present as referenced in paragraph 9.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request as harassing. Agrovana is well aware that Prime/Congo relied on Agrovana for its expertise in CWP and that Prime merely specified that it wanted 100% CWP. Any quality standards would have been developed by the Parties throughout the course of the relationship as a joint effort.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to

30

the documents produced herewith, including numerous communications regarding Prime's specification of 100% CWP.

F.    All documents which concern Agrovana's product's purported failure to comply with "warranties implied by law and prevalent in the industry with respect to all CWP lots," (paragraph 9), including but not limited to all documents which you claim state, reflect, or contain any information about those warranties and standards.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the email chain with the subject line "Re: Foreign Object Notification" and "FW: Agrovana Coconut Claim Documentation 7.11.24."

G.    All documents which in any manner concern Prime's purported conclusion that "Agrovana and its manufacturers failed to maintain adequate inspection processes and system controls," as stated in paragraph 12, including copies of all internal communications and other documents discussing or reflecting this purported conclusion.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith, including but not limited to the email chain with the subject line "Re: Foreign Object Notification" and "FW: Agrovana Coconut Claim Documentation 7.11.24."

H.    All documents, including all internal communications, about Prime's purported decision to issue "what were expressly titled, Placeholder Purchase Orders' for CWP," as referenced in paragraph 13.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

I.    All documents in which you "expressly" informed Agrovana the so-called placeholder purchase orders "were expressly contingent upon subsequent confirmation by Prime that it wanted to proceed with the orders . . .", as per paragraph 14, and any

documents containing any information about these communications.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the placeholder purchase orders themselves, attached as Exhibit D to Prime/Congo's Answer to Amended Complaint and Counterclaim, which explicitly state "Placeholder POs to be confirmed 90 days prior to each need by date." Prime/Congo additionally refers Agrovana to documents produced herewith.

> J.      All documents which evidence, concern, or contain any information about the alleged discovery of "additional significant contamination and product purity issues separate from the above-referenced contaminants in other lots of CWP from Agrovana . . .", as stated in paragraph 18.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the Eurofins Report dated 5/24/24.

> K.      All documents which in any manner evidence or concern Prime's alleged damages asserted in Counts I-VI of the counterclaims.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the Coconut Claim Summary, attached as Exhibit A to the Discovery Responses, and the documents produced herewith.  Answering further, Prime will supplement these Discovery Responses with an updated version of the December 2024 Spreadsheet.

> L.      All documents which evidence or contain information about Prime's alleged damages "associated with service, repair and replacement" of Agrovana's CWP, as per paragraph 20.

**RESPONSE:** Prime/Congo refers Agrovana to the documents produced herewith.

32

M.    All documents which evidence or contain information about Prime's alleged "loss of goodwill" associated with Prime's product, as asserted in paragraph 20.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

N.    All documents which evidence or contain any information about "potential claims by Prime's business partners," as alleged in paragraph 20.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

33.    All documents which evidence or concern the use or redating of any expiring or expired product that Agrovana supplied. For purposes of this request, the "redating" of a product concerns the process whereby the expiration date on a product is altered or extended, and an "expired or expiring product" refers to CWP that is either past the expiry date assigned to it by the manufacturer or is within two months of that date.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to Tabs 2 and 3 of the Coconut Claim Summary, attached as Exhibit A to the Discovery Requests. Prime/Congo additionally refers Agrovana to the documents produced herewith.

34.    All documents concerning any efforts to re-sell Agrovana-supplied CWP, whether directly or through intermediaries. This includes internal communications about such efforts as well as communications with any processor or broker.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations,

Prime/Congo refers Agrovana to the documents produced herewith, which include a few communications regarding potentially reselling Agrovana's CWP before the Lawsuit in an effort to mitigate its damages. Prime/Congo has not sold or attempted to re-sell any of Agrovana's CWP since the Lawsuit was filed.

35.    As to all CWP that Prime has attempted to re-sell, please provide all documents showing which of the Lots or boxes that Prime received from Agrovana is attempting to re-sell.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to its response to Request No. 34.

36.    All documents evidencing or reflecting any statements that Prime has made to any person (as that term is defined above) about the quality of Agrovana's product.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo refers Agrovana to the documents produced herewith.

37.    All documents consulted in answering the plaintiff's first set of interrogatories propounded to you or referenced in your answers to those interrogatories.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request because it seeks the production of documents that are shielded from disclosure by the attorney-client privilege and/or work product doctrine. Those documents have been withheld, including certain documents generated specifically in response to this Lawsuit and communications with Prime/Congo's attorneys about this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the 2 exhibits to the Discovery Responses. Prime/Congo additionally refers Agrovana to the

34

documents produced herewith.

38.    All documents which you consulted in creating the December 2024 spreadsheet.

**RESPONSE:** OBJECTION. In addition to its General Objections and Reservations, Prime/Congo objects to this Request because it seeks the production of documents that are shielded from disclosure by the attorney-client privilege and/or work product doctrine. Those documents have been withheld, including certain documents generated specifically in response to this Lawsuit and communications with Prime/Congo's attorneys about this Lawsuit.

Subject to and without waiving the foregoing objections, Prime/Congo refers Agrovana to the Eurofins Reports and Tabs 1 and 2 of the Coconut Claim Summary.

39.    All documents which you provided to any testifying expert in this case.

**RESPONSE:** Subject to and without waiving its General Objections and Reservations, Prime/Congo states that discovery is ongoing, and Prime/Congo will designate any expert witnesses expected to testify at trial pursuant to Fed. R. Civ. P. 26.

Dated: May 7, 2025.

As to all Objections,

Congo Brands LLC and
Prime Hydration, LLC,

By their attorneys,

*/s/ Peter M. Cummins*
Mark A. Berthiaume (BBO #041715)
Alison T. Holdway (BBO #690569)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, Massachusetts 02110
Tel.: (617) 310-6000
Email: berthiaumem@gtlaw.com
        alison.holdway@gtlaw.com

Peter M. Cummins (*pro hac vice*)
D. Christopher Robinson (*pro hac vice*)
FROST BROWN TODD LLP
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
Tel.: (502) 589-5400
Email: pcummins@fbtlaw.com
        crobinson@fbtlaw.com

## CERTIFICATE OF SERVICE

I, Peter M. Cummins, hereby certify that on May 7, 2025, a true copy of the above document was served by U.S. mail and email upon:

Edward Foye
Arrowood LLP
10 Post Office Square, 7th Floor South
Boston, Massachusetts 02109
1

*Counsel for Plaintiff Agrovana, LLC*

*/s/ Peter M. Cummins*
*Counsel for Congo Brands LLC and Prime
Hydration LLC*

0149492.0792372   4913-6665-7079v6