UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGROVANA, LLC,<br><br>　　　Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CONGO BRANDS LLC,<br><br>　　　Defendant,<br><br>　　　and<br><br>PRIME HYDRATION, LLC,<br><br>　　　Defendant and Counterclaim-Plaintiff. | Civil Action No. 1:24-cv-12400 |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT AGROVANA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 4**



**D. Christopher Robinson**
Partner
502.568.0335 (t)
502.581.1087 (f)
crobinson@fbtlaw.com

August 2, 2024

VIA ELECTRONIC MAIL

Tim Panagopoulos
Agrovana
500 Medford St.
Charlestown, MA  02129

      Re:    *Prime Hydration LLC and Congo, LLC's Response to Agrovana's July 23, 2024 Letter*

Dear Mr. Panagopoulos:

      We represent Prime Hydration LLC and Congo, LLC (collectively "***Congo***") and write in regard to Agrovana's July 23, 2024 letter rejecting Congo's rejection and/or revocation claim for goods shipped to Congo, submitted to Agrovana on July 11, 2024 ("***Claim***"). Agrovana's rejection of Congo's Claim lacks reasoning and support, both in fact and law. As such, Congo hereby formally reasserts its rejection of the Coconut Water Powder ("***CWP***") lots described in the Claim, as well as all CWP lots currently in production or shipment. Further, in light of Agrovana's recent actions and statements, as well as its inactions and inability to deliver CWP conforming to Congo's specifications and industry standards or that are fit for their particular purpose, Congo has reasonable grounds for insecurity with respect to whether Agrovana will duly perform its obligations under the purchase orders and arrangements with Congo. Accordingly, pursuant to applicable law, including the Uniform Commercial Code ("***UCC***") in effect in the Commonwealth of Kentucky, § 2-609(1), Congo hereby demands that Agrovana provide adequate assurance of Agrovana's due performance of its obligations under the purchase orders and arrangements with Congo, including with respect to conformance with Congo's quality standards and the warranties implied by law and prevalent in the industry with respect to all CWP lots.

      As fully outlined in previous discussions, Congo has determined that Agrovana and its manufacturers have failed to maintain the required inspection processes and system controls needed to provide CWP that meets the ordinary purposes for which Congo uses it. Congo reached this conclusion after it conducted a review and inspection following industry-wide practices as it relates to Statistical Quality Inspections. Additionally, as you know, Congo's internal specifications for CWP follow industry standards and represent the specifications expected for CWP in Congo's use of it.

400 West Market Street, Suite 3200 | Louisville, KY 40202 | 502.589.5400
**Frost Brown Todd LLP | frostbrowntodd.com**

Tim Panagopoulos
August 2, 2024
Page 2

As part of Congo's review, Congo has identified consistent failures in Agrovana's production and provision of acceptable CWP. The first failure was discovered and reported after Congo was alerted to the discovery of foreign material—including but not limited to metal, plastics, and dark spots—in the CWP at its co-packing partner's facility in Anaheim, California in February 2023. These foreign materials were found in Neel Ayush materials and bottled finished PRIME products on the bottling line. Subsequently, Agrovana submitted a CAPA documenting corrective action to be taken to address the "[p]resence of foreign metal objects in product" and "black solid observed by customer" in the product. Following this CAPA, Congo inspected all CWP lots at Agrovana and Congo-controlled storage locations following acceptable industry standards to determine if foreign materials were present throughout all CWP lots.

The lots identified in Congo's Claim failed to conform with the agreement between Congo and Agrovana and failed to meet the ordinary purposes for which CWP is used. These lots were identified through Congo's review and inspection process along with third-party Eurofins statistical sampling and testing. Based on both, Agrovana and its manufacturers have failed to control their systems to prevent the inclusion of large particulates in the final CWP product received by Congo. Lastly, based on the foregoing, Congo has a reasonable belief that all CWP not yet delivered to the United States fails to conform to the acceptable standards due to the failed systems in place. Congo and/or its co-packing partners are incurring or may incur significant costs to cure the non-conformities in the CWP product described herein for the lots already delivered to the United States, as further described below.

Pursuant to Kentucky UCC § 2-601 and § 2-608, Congo respectively rejects and/or revokes its acceptance of all lots identified in its Claim to Agrovana. Based on both Congo's investigation and testing conducted by Eurofins, the product delivered to Congo is not fit for the ordinary purposes for which it is to be used. Congo reasonably assumed that the non-conforming lots would be cured by Agrovana after the discovery of foreign materials within the CWP lots. However, in Agrovana's rejection of Congo's Claim it has failed to seasonably cure the non-conformity. Congo therefore provides this timely revocation of its acceptance of the CWP lots outlined in its Claim.

Further, due to Agrovana's failure to provide adequate, conforming, and non-contaminated CWP products and the additional costs resulting to Congo in connection therewith, as well as Congo's insecurity and lack of belief in Agrovana's ability to adequately perform going forward, Agrovana is no longer an approved or qualified supplier of CWP products to Congo or its managed-brands.

**Congo requests payment of $3,188,400.94 for the failed CWP lots already delivered to the United States**. Congo further requests instruction from Agrovana as to the disposition of the rejected product. Should Congo pay for any storage, transportation, logistics, and/or destruction or disposition costs—or any other damages or costs outlined as recoverable by Congo in UCC §§ 2-712, 2-714, and 7-715—relating to the failed CWP lots, Agrovana will be ultimately responsible for such charges.

Furthermore, pursuant to UCC § 2-609, Congo will not accept or submit payment for any additional CWP lots unless it receives adequate assurances from Agrovana and its manufacturers.

Tim Panagopoulos
August 2, 2024
Page 3

Congo has reasonable grounds for insecurity concerning Agrovana's ability to provide CWP without foreign materials and dark spots. Congo requests documentation evidencing improvements made to prevent foreign materials and non-specification, including documentation evidencing:

- The sourcing and handling of raw materials;

- The mixing process and filtration of raw materials as they are introduced into the spray dryers;

- Spray dryer controls including the temperature, air handling, and coconut water feed rate;

- Improved system maintenance and cleaning procedures to remove fouling and buildup;

- Improved downstream inspection including in-process quality inspections, finished product sieving before packaging, and random statistical lot inspection and retain management.

Congo requests these assurances be fulfilled via documentation within thirty (30) days of this letter. If not, all purchase orders and contracts between Congo and Agrovana will be deemed repudiated.

    Please provide Agrovana's written acceptance of the full demanded amount described above within ten (10) calendar days. Additionally, please provide the outlined assurances within twenty (20) calendar days.

Sincerely,

D. Christopher Robinson

DCR:RPD

EN21448.Public-21448   4870-8415-5347v4