UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AGROVANA, LLC )
)
    Plaintiff and Counterclaim Defendant, )
)
) Civil Action No. 24-12400-FDS
v. )
)
CONGO BRANDS LLC and PRIME )
HYDRATION, LLC, )
)
    Defendants and Counterclaim )
    Plaintiffs. )
)

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**
[Docket No. 39]

September 4, 2025

Boal, M.J.

    Plaintiff and Counterclaim Defendant Agrovana, LLC brings this action for breach of contact and violation of G.L.c. 93A § 11 as a result of an alleged breach of contract for the sale of goods. Agrovana filed a motion to compel discovery from Defendants Congo Brands LLC and Prime Hydration, LLC (collectively "Defendants").[1] For the following reasons, I grant in part and deny in part that motion.

    Agrovana contends that Defendants failed to conduct a fulsome search for responsive documents, including Teams messages and text messages from Defendants' leadership team. See, e.g., Docket No. 40 at 6, 9. At oral argument, Defendants represented that they had conducted a more comprehensive search and would produce the results within 30 days. They are

---

[1] On August 7, 2025, Judge Saylor referred the motion to the undersigned. Docket No. 42.

1

ordered to do so. The parties also are ordered to confer about the production of emails from/to OL Logistics, a shipping company, about the physical travel of the coconut water powder ("CWP") at issue. Any production of these emails also should be made within 30 days of the date of this order.

In addition, to facilitate a speedy and just resolution of this issue and given the history to date of their document production, I order Defendants to provide the identity of the custodians searched, as well as the search terms, date ranges, and de-duping methods. That information must also be provided within 30 days.

If Agrovana is not satisfied with the production and/or the search methodology, then the parties must negotiate in good faith to resolve the issues. This Court will hold a status conference regarding the production on October 22, 2025, at 11:00 a.m. The parties must file a status report, jointly if possible, separately if necessary, on or before October 20, 2025. If the parties are unable to resolve their differences, then they must provide a proposed solution and information that will aid the Court to determine the appropriateness of that solution in terms of scope, relevancy, and burden.

Agrovana also asks this Court to compel the production of documents that are responsive to RFP Nos. 28 (A)-(C), (E), (F), and 29-31. RFP Nos. 28(A)-(B) seek sales and projected sales figures for any of the Defendants' products into which Agrovana's CWP was incorporated (the "Finished Product"). This Court finds that the requests seek relevant information. Here, one of the central allegations is that Prime drinks' sales unexpectedly plummeted in late 2023 and early 2024 after Defendants already had agreed to purchase a fixed amount of CWP from Agrovana. The sales and projected sales figures sought by these requests are, therefore, relevant to whether such a decrease in sales did in fact occur, whether the decrease was expected, as well as its

effect, if any, on the purchases going forward.  I, therefore, grant the motion with respect to RFP Nos. 28(A)-(B).

RFP Nos. 28(C), (E) and (F) seek information regarding customer complaints.  This information is also relevant.  Here, Agrovana contends that the alleged defect (i.e., the dark spots in its CWP) is not an actual defect; rather, a pretextual excuse for Defendants to break their contract to mitigate the unexpected drop in sales.  Agrovana also alleges that these "dark spots" have always been in the CWP, which Defendants had previously received, approved, and used.  Therefore, customer complaints or the lack of complaints about the Finished Product is highly relevant to these allegations.  The assertion that such a defect would have been detected during the manufacturing process goes to the weight of the evidence, not its relevancy.  I grant the motion with respect to RFP Nos. 28(C), (E) and (F), with the exception that I limit RFP No. 28(E) to customer complaint policies during the relevant time frame.

RFP Nos. 29, 30, and 31 seek, respectively, information about other lawsuits involving Prime or Congo, communications with public relations firms, and social media posts concerning this litigation or Agrovana's product.  These requests are overly broad and not proportional to the needs of the case.[2]  The only relevance argument advanced by Agrovana is that the requested documents might be useful for impeachment purposes.  See Docket No. 40 at 19.  Evidence bearing on a witness' credibility (i.e., impeachment evidence) can be discoverable.  However, such discovery is not without limitations, and one of the factors courts consider is "whether the party seeking disclosure has a foundation for its inquiry."  Penn v. Knox Cnty., No. 2:11-cv-363-

---

[2]  In its reply, Agrovana states that it has "narrow[ed] Request No. 29 . . . to a list of (or document sufficient to show) the docket numbers for every lawsuit in which Prime or Congo or any related party is a plaintiff or defendant during the relevant period."  Docket No. 47 at 2.  However, this narrowing does not affect my analysis.

NT, 2012 WL 1681974, at *2-*3 (D. Me. May 14, 2012).  Here, Agrovana states in a generalized way that the requested documents might reveal inconsistencies in Defendants' position but fails to provide any explanation as to how these requested documents would be used as impeachment or any factual basis for its requests.  See Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 463 (S.D.N.Y. 1988) ("To justify an inquiry into facts relevant solely to credibility, the party seeking discovery must therefore have a factual basis for believing that prior acts of deception will be revealed.").  Therefore, I deny the motion with respect to RFP Nos. 29-31.

    For the reasons set forth above, I grant in part and deny in part the motion.

                          /s/ Jennifer C. Boal  
                          JENNIFER C. BOAL  
                          UNITED STATES MAGISTRATE JUDGE